## J. H. ATWATER & Co. v. COLTON & SIMONDS.

Where a party defendant denies that he was a member of the partnership which is sued, it is incumbent on the plaintiff to prove it.

Courts may, at the request of one of the parties, decree that the other party bring into Court, the books, papers, and other documents which are in his possession, and which are material in the cause, provided the party requesting their production declares, in writing and on oath, what are the facts he intends to establish by such books, papers, or other documents; and, on the refusal of the party thus called upon to comply with the order of the Court, the facts stated and sworn to shall be considered as having been confessed, unless satisfactory evidence be shown of the impossibility of producing such documents.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *Durant & Hornor*, for plaintiffs. *B. Egan*, for defendants and appellants.

ILSLEY, J. This is an action instituted by the plaintiffs against the defendants, C. Colton and J. Simonds, in solido, to recover from them the amount of a bill of goods, sold and delivered to the commercial firm of Colton & Baldwin, composed of the said defendants.

Judgment was rendered in the Court below against both defendants in solido, and Simonds has taken a suspensive appeal therefrom.

The defendant Simonds pleaded a general denial, and specially that he was never a member of the firm of Colton & Baldwin.

It was, therefore, incumbent on the plaintiffs to prove all the facts necessary to a recovery, to wit: that Simonds was a partner in the commercial firm of Colton & Baldwin, and also the correctness of the account sued on.

We think there is sufficient evidence in the Record to prove that Simonds was a partner in the firm of Colton & Baldwin; which said firm was substituted, for Simonds' convenience, for that of Colton & Simonds, the name of Baldwin, a workman in the establishment, without any pecuniary means, being used instead of that of Simonds, "who remained in the possession of the establishment and controlled it as before."

Baldwin subsequently disappeared, and afterwards Simonds forcibly ejected Colton from the store, remaining himself in the possession of the premises.

To prove the correctness of the account, Simonds, on a proper legal showing of the plaintiffs, was ordered to produce his commercial books and papers in Court, which he failed to do, declaring that they were not in his possession, and that he was not a partner in the firm of Colton & Baldwin.

Simonds having failed to produce the books and papers, etc., the Court sustained the motion of the plaintiffs, that the facts stated and sworn to be considered as confessed, in accordance with Article 140, C. P., and we think correctly.

The declaration of Simonds, that he was not a partner, made in the manner stated, is not legal evidence of that fact.

It is unnecessary to examine the bills of exception, as the evidence objected to is not necessary to sustain the judgment of the Court.

The proof in the present case differs from that in the suit of *Bridgeford* v. *Simonds, Colton & Baldwin*, No. 584, decided a short time since.

We think that, in this case, there is no error in the judgment of the Court below.

It is therefore ordered, adjudged and decreed, that the judgment of the Court below be affirmed; the costs of appeal to be paid by the appellant.

HOWELL, J., recused.